## EDGELL, MULFORD & Co. *v.* BARATARIA and LAFOURCHE CANAL COMPANY.

Where a collision of vessels has occurred without the fault or negligence of the defendants, or where the plaintiffs were as much in fault as the defendants, no damages can be recovered.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Wolfe* and *Singleton*, for plaintiffs. *Lavergne*, for defendants. The judgment of the court was pronounced by

ROST, J. The plaintiffs claim the value of a flatboat loaded with coal, which they allege was sunk through the negligence, imprudence, and want of skill of the officers and servants of the defendants.

The district judge was of opinion that the sinking of the boat was the result of unavoidable accident; and gave judgment for the defendants. The plaintiffs appealed.

The case turns upon questions of fact ; and the decision of the district judge ought to prevail, unless it is clearly erroneous. The evidence in the record is not of such a character as to lead the mind to that conclusion.

It is proved, that the dredging machine of the defendants, which came in collision with the boat, was at work on the morning of the day when the accident occurred, and that the hands employed on it were in the act of swinging her around to get her into the mouth of the canal, when a squall struck her and the fastenings gave way. She then drifted to the opposite shore, and there came in collision with the boat of the defendants, which was moored outside of two others, and in a strong current.

We do not think that the pulling of the dredging machine towards the shore, by means of a line attached to a skiff, which was manned by two hands of the company, is satisfactorily shown to have been the immediate cause of the collision. The object of the men in the skiff was to get near enough to the shore to fasten the line of the dredging machine to other coal boats lying a few hundred yards above those of the plaintiffs ; and if they had been permitted to do so, the collison would in all probability have been avoided. But a man on those boats seized an axe and threatened to split their heads open if they did not desist. This refusal rendered the collision inevitable.

The dredging machine stood on a solid raft of timber eighty feet long by sixteen or seventeen feet wide; and two men pulling in a skiff against a high wind and a rough sea could not have changed materially the direction which the wind and current gave it. Under those circumstances, no want of skill is attributable to the defendants' servants, and their imprudence or negligence are of the slightest kind,—surely not greater than those of the plaintiffs who suffered their boat to remain in the third tier, in the strongest current of the river, when it is shown that a raft had struck another coal boat at that place a short time before; and their own witnesses testify that three boats are never suffered to lay abreast of each other in that bend when it can be avoided ; and that at the time of the collision, a safer place for the sunken boat could have been obtained, by dropping two or three lengths below.

54

EDGELL      The plaintiffs being at least as much in fault as the defendants, their action
*v.*       cannot be maintained.
BARATARIA
& LAFOURCHE   Judgment affirmed, with costs.
CANAL CO.